IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED E. SMITH<br>MATTIE L. SMITH<br>3765 BIRD DRIVE<br>ERIE, PA 16510<br>        Plaintiffs<br><br>vs.<br><br>LAW OFFICE OF GREGORY JAVARDIAN LLC<br>1310 INDUSTRIAL BLVD<br>FIRST FLOOR, SUITE 100<br>SOUTHAMPTON, PA 18966<br><br>And<br><br>CITIZEN'S BANK OF PENNSYLVANIA<br>AKA CITIZEN'S BANK, N.A.<br>10561 TELEGRAPH ROAD<br>GLEN ALLEN, VA 23059<br>        Defendants | CIVIL ACTION NO. |

## COMPLAINT

I. **INTRODUCTION**

1. Defendants are a debt collection law firm and the bank they represented, who holds mortgages and filed a foreclosure action against Plaintiffs in Chester County, Pennsylvania. Plaintiffs are senior citizens who suffered job loss and financial difficulty resulting in Mortgage Foreclosure actions. Plaintiffs sold their property prior to sheriff sale. In response to their request for a pay-off from Defendant Javardian, in order to effectuate the sale of the real estate, Plaintiffs were provided with a pay-off over twenty thousand dollars ($20,000) greater

than the Judgment amount entered after a Reassessment of Damages. In addition, despite multiple requests, Plaintiffs were not provided with a full breakdown of the charges incurred, as is required by Pennsylvania Loan Interest and Protection Law 41 P.S. §101 et seq. (aka " Act 6"). Plaintiffs paid the amount requested at settlement on June 9, 2017. After settlement, Plaintiffs sent an errors letter under RESPA to Defendant Citizen's Bank. Citizens Bank failed to timely respond to Plaintiffs" request, and failed to respond substantively at all. Defendant Javardian responded substantively to some of the requests but not others. Defendant Citizen's failed to mark the judgment as satisfied a year after receiving funds and collecting fee to do so.

2. As a result of Defendants' conduct, Plaintiffs have suffered damages including mental anguish and loss of funds.

3. Plaintiffs have had to expend money and hire counsel to protect their rights.

## II. JURISDICTION

4. Jurisdiction arises under 15 U.S.C. §1692(k)(d) ("FDCPA") and 12 U.S.C § 2614. There is also diversity jurisdiction among the parties. See 28 U.S.C. §1446 (a). The amount in controversy is in excess of $75,000.

## III. PARTIES

5. Plaintiff, Fred E. Smith, (Mr. Smith) is a consumer and senior citizen who formerly lived at 303 Trimble Lane, Exton, PA, 19341, with his wife Mattie L. Smith.

6. Plaintiff, Mattie L. Smith (Ms. Smith) is a consumer and senior citizen who formerly lived at 303 Trimble Lane, Exton, PA 19341, with her husband Fred E. Smith.

7. Plaintiffs Fred E. Smith and Mattie L. Smith are collectively referred to as "the Smiths".

8. Defendant, Law Office of Gregory Javardian, LLC ("Javardian") is upon information and belief a Pennsylvania collection law firm with a principal place of business in Southampton, Pennsylvania and a mailing address as captioned.

9. Defendant Javardian is in the business of collecting consumer debts allegedly due to another including through the residential mortgage foreclosure process.

10. Defendant Javardian is a "debt collector" as that term is contemplated in 15 U.S.C. § 1692a (6), commonly known as Fair Debt Collection Practices Act ("FDCPA").

11. Defendant, Citizen's Bank of Pennsylvania("Citizen's") aka Citizen's Bank, N.A. is upon information and belief a Rhode Island Corporation with a corporate address of 1 Citizen's Plaza, Providence, Rhode Island, 02903.

12. Citizen's is a person within the meaning of 12.U.S.C. §2602(5).

13. The Smiths are people within the meaning of 12.U.S.C. §2602(5).

14. On information and belief, Citizen's is a servicer of federally related mortgage loans.

15. Citizen's is a person within the meaning of 41 P.S. §101.

16. Javardian is a person within the meaning of 41 P.S. §101.

17. Javardian is a "person" within the meaning of the Pennsylvania "Unfair Trade Practices and Consumer Protection Law", 73 P.S. §201-1, et seq., ("the Act").

18. Citizen's is a "person" within the meaning of the Pennsylvania "Unfair Trade Practices and Consumer Protection Law", 73 P.S. §201-1, et seq., ("the Act").

19. Citizen's is a judgment creditor within the meaning of 42 Pa. C.S.A. §8104.

20. Javardian and Citizen's are collectively referred to as "Defendants".

21. Defendants regularly engage in the collection of consumer debts in the Eastern District of Pennsylvania using the mails and telephone.

22. Defendants regularly attempt to collect consumer debts alleged to be due another.

## IV.    STATEMENT OF CLAIM

23. The Smiths were the record owners of a property located at 303 Trimble Lane in Exton, Chester County, Pennsylvania.

24. The Trimble Lane property was purchased by the Smiths in 1998.

25. In 2016, there were two outstanding mortgages on the property.

26. The first mortgage was held by Defendant Citizen's.

27. The second mortgage had been assigned to Citimortgage.

28. Mr. Smith suffered a job loss due to age discrimination, causing a default on both mortgages.

29. The Smiths exhausted their retirement money to try to save their home.

30. On or about February 11, 2016 Javardian filed a mortgage foreclosure action in Chester County Pennsylvania against the Smiths, on behalf of its client Citizen's, see attached Exhibit A docket entry.

31. According to the Mortgage Foreclosure Complaint, ¶9, Citizen's averred that 41.P.S. 403 applied to this mortgage and an Act 6 notice must be sent, see attached Exhibit B.

32. According to ¶8 of the Mortgage Foreclosure Complaint, "If the mortgage is reinstated prior to the sale reasonable attorney's fees will be charged".

33. According to ¶8 of the Mortgage Foreclosure Complaint "attorney's fees may be collected in conformity with Pennsylvania law".

34. According to Exhibit D of the Mortgage Foreclosure Complaint ("Act 6 "Notice") late charges were $1,524.72.

35. The Mortgage Foreclosure Complaint lists the late fees as $430.72.

36. A legal description of the property in question is attached as Exhibit C of the Mortgage Foreclosure Compliant.

37. According to the note, on page 2, *reasonable* (italics added) attorney's fees may be collected in conformity with Pennsylvania law, see attached Exhibit B.

38. On or about February 19, 2016, CitiMortgage filed a Mortgage Foreclosure Complaint in Chester County Pennsylvania against the Smiths.

39. The Smiths hired counsel to defend both foreclosure actions.

40. The Smiths had originally hoped that their household income would increase so that they would be able to remain in their home of close to twenty years.

41. When it was obvious that they would not be able to reinstate, the Smiths retained a realtor, and listed their house for sale.

42. There was substantial equity in the property and therefore there was no need for the Smiths to get approval from either lender regarding the sale of their property.

43. On November 11, 2016, Javardian filed a Motion for Summary Judgment on behalf of its client Citizen's.

44. On January 23, 2017, Judge Tunnell granted the Motion for Summary Judgment, entering an in rem judgment of $350,818.77.

45. The amount of the in rem judgment was a replica of the amount requested by Citizen's in their Motion for Summary Judgment.

46. Included in this amount listed in the Motion for Summary Judgment were attorney's fees & costs of $2,437.96, and late charges of $5,223.80. The escrow balance was listed as $22,062.26.

47. An Assessment of damages was filed by Javardian on behalf of Citizen's on February 21, 2017 for the amount of $355,848.18, see attached Exhibit C.

48. The additional $5,029.31 was comprised of interest from 10/1/16 to 1/19/17. No other fees were added to this assessment.

49. No assessment of damages hearing was held.

50. A writ of execution was filed the same day the Assessment of Damages was granted.

51. The property was scheduled for sheriff sale on June 13, 2017.

52. On or about February 24, 2017, Counsel for the Smiths requested a pay-off amount from Javardian in order to ascertain the amount needed to settle the account so they could make a decision regarding the offers they would be willing to accept.

53. Javardian responded to the email on February 27, 2017, acknowledging receipt of the request.

54. A letter was issued from Javardian dated March 17, 2017, but sent on March 20, 2017, over three weeks after it was requested. It listed the pay-off amount as $372, 221.24.

55. The March 17, 2017 pay-off included attorney's fees and costs lumped in with Sheriff's commission, escrow balance and accumulated late charges of $6,568.92, see attached Exhibit D.

56. It also included a mortgage recoverable corporate advance of $712.50.

57. The Smiths entered into an agreement of sale for sale of the property with a settlement date of June 9, 2017.

58. The Smiths' attorney requested a final pay-off from Javardian to present to the title company for settlement purposes.

59. In a letter dated June 1, 2017 and sent to counsel for the Smiths, Javardian, on behalf of Citizen's, listed the pay-off amount as $377,221.64, see attached Exhibit E.

60. The June 1, 2017 pay-off amount included late charges of $7,577.76, a $1,008.84 increase over the March 17, 2017 pay-off.

61. The June 1, 2017 pay-off was good through June 14, 2017.

62. Meanwhile, the Smiths were experiencing undue amounts of stress and mental anguish as they watched their life savings, which was all tied up in the equity in their property, disappear.

63. The Smiths experienced stress and metal anguish as they needed to expend monies on attorney's fees to investigate wrongdoing by the Defendants.

64. Mr. Smith's health was particularly fragile as he was scheduled for surgery a month after the settlement date.

65. Settlement occurred on June 9, 2017.

66. The Note provides for a late charge of 10% of the payment, see attached Exhibit B.

67. The payment on the Note is listed as $2,107.2, which is a fixed amount.

68. Ten percent of this amount is $211.

69. Per the terms of the Note, pages 2 & 3, there is a fifteen day grace period before the late charge is incurred in Pennsylvania, see attached Exhibit B.

70. Only two months payments were missed between the March 17, 2017 pay-off and the June 1, 2017 pay-off. This should have been an increase of no more than $422.

71. Attorney's fees were increased in the June 1, 2017 pay-off.

72. Attorney's fees were not itemized on the pay-off, but were lumped together with sheriff's commission.

73. The escrow advance was also not itemized.

74. Counsel for the Smiths requested an itemization of the items listed on the "breakdown" of the pay-off amount from the June 1, 2017 letter.

75. Javardian provided the Smiths' counsel with a breakdown of some of the fees and costs, but not all items were brokendown, see attached Exhibit F.

76. Included in this breakdown was a $10 charge for the cost to vacate the judgment in the matter.

77. The attorney's fees were not fully itemized on the breakdown.